**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:20-CV-00414-CHB-LLK**

**CHRISTOPHER ANTONIO JOHNSON**                                   **PETITIONER**

**v.**

**DANIEL AKERS, Warden**                                                      **RESPONDENT**

**FINDINGS OF FACT AND RECOMMENDATION**

Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. [DN 1]. Respondent filed a motion to dismiss due to the running of the 1-year period of limitation for filing a petition established by 28 U.S.C. § 2244(d),[1] and Petitioner responded in opposition. [DN 12, 15]. The Court referred the matter to the undersigned Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter." [DN 9].

Because Petitioner filed his petition outside the 1-year period of limitation established by Section 2244(d), the RECOMMENDATION will be that the Court GRANT Respondent's motion to dismiss, [DN 12], and DENY Petitioner's petition, [DN 1].

**Discussion**

A Jefferson Circuit Court jury convicted Petitioner of first-degree robbery, and the Kentucky Supreme Court affirmed. *Johnson v. Com.*, No. 2012-SC-000650-MR, 2014 WL 2809860 (Ky. June 19, 2014). Plaintiff filed a motion to vacate pursuant to Kentucky Rules of Criminal Procedures (RCr) 11.42. [DN 12-2 at 1, 14]. The trial court denied the motion, and the Kentucky Court of Appeals affirmed. *Johnson v. Com.*, No. 2016-CA-001126-MR, 2018 WL 2078028, at *3 (Ky. Ct. App. May 4, 2018).

---

[1] In the alternative, in the event the Court finds that the petition was timely, Respondents asks for an extension of 45 days in which to respond to Petitioner's claims on the merits.

The Louisville Metro Public Defender's Office represented Petitioner at trial. In 2019 or 2020, Petitioner made certain inquiries to the public defender's office, and on January 21, 2020, the office responded, enclosing Petitioner's case file, including written materials and CD recordings.

The present petition raises four claims. Petitioner claims that his petition was timely filed because his claims are different from those presented in his 11.42 motion and they are based on information he first obtained in January 2020, from the public defender's office. [DN 1 at 13-14]. Petitioner filed his petition within a year of January 2020 in June 2020. [DN 1].

28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the only viable candidates for triggering the running of the 1-year period of limitation are Section 2244(d)(1)(A), which Respondent argues applies, and Section 2244(d)(1)(D), which Petitioner argues applies. For the reasons below, this report concurs with Respondent and disagrees with Petitioner.

Petitioner's "judgment became final by the conclusion of direct review," Section 2244(d)(1)(A), on Wednesday, September 17, 2014, or 90 days after the Kentucky Supreme Court affirmed his conviction on direct appeal. *See Johnson v. Com.*, No. 2012-SC-000650-MR, 2014 WL 2809860 (Ky. June 19, 2014); *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016) (The "conclusion of direct review," Section 2244(d)(1)(A), occurs, where Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, 90 days after the "Kentucky Supreme Court issued its opinion and order affirming [Petitioner's] conviction.").

Contrary to Petitioner's argument that his four claims are based on information he first obtained in January 2020, the claims are, in fact, based on information known to Petitioner at the time he was sentenced or, at the latest, September 17, 2014, when his "judgment became final by the conclusion of direct review," Section 2244(d)(1)(A).

Petitioner's first claim is that "counsel was ineffective for failing to challenge deficient jury instruction[s]." [DN 1 at 5]. "[T]he [trial] court [allegedly] told the prosecutor it was not going to give an instruction [on] complicity to the jury. But the court still left the complicity language in the instruction[s] [and] [c]ounsel … failed to object[]." *Id.* "[T]he factual predicate of [Petitioner's first] claim … could have been discovered through the exercise of due diligence," Section 2244(d)(1)(D), on or before September 17, 2014, because the Kentucky Supreme Court found, on direct appeal, that there was no palpable error[2] based on Petitioner's argument that "the trial court erroneously included robbery-by-complicity language in the jury instruction for the charge of first-degree robbery; namely, 'acting alone or in complicity with another.'" *Johnson v. Com.*, No. 2012-SC-000650-MR, 2014 WL 2809860, at *2 (Ky. June 19, 2014).

Petitioner's second claim, [DN 1 at 7], is that the Kentucky Supreme Court erred when it held that "regardless of whether erroneous or not, the trial court's refusal to instruct on receiving stolen property

---

[2] The Kentucky Supreme Court reviews errors not properly preserved for appellate review by trial counsel under a palpable error standard.

was harmless." *Johnson v. Com.*, No. 2012-SC-000650-MR, 2014 WL 2809860, at *1 (Ky. June 19, 2014). "[T]he factual predicate of [Petitioner's second] claim … could have been discovered through the exercise of due diligence," Section 2244(d)(1)(D), on or before September 17, 2014, because the Kentucky Supreme Court rejected the underlying claim on direct appeal.

Petitioner's third claim is that "[c]ounsel was ineffective for failing to challenge the admissibility of evidence" by way of filing a pre-trial motion to suppress evidence.[3] [DN 1 at 8]. Like the petitioner in *Betts v. Archuleta*, at the time he was sentenced, Petitioner knew trial counsel "had not filed a motion to suppress" and was "aware of the factual basis for the potential suppression issue." *Betts v. Archuleta*, No. 15-CV-02164-GPG, 2016 WL 852826, at *4 (D. Colo. Mar. 4, 2016). "That [Petitioner] may not have understood the legal significance of these facts [potentially supporting a motion to suppress] is not relevant to the Court's analysis under § 2244(d)(1)(D)." *Id.*; *see also Farraj v. Turner*, No. 1:15CV2203, 2016 WL 5107076, at *2 (N.D. Ohio Sept. 20, 2016) ("The factual predicate[] for [Farraj's] remaining claim[] [of] … ineffective assistance of trial counsel based on the failure to … file a motion to suppress … [was] available at the time of sentencing.").

Petitioner's fourth and final claim is that "[c]ounsel's failure to investigate and present [an] exculpatory witness was ineffective [assistance of] counsel." [DN 1 at 10]. When asked to identify "the specific facts that support your [fourth] claim," Petitioner responded in a manner that shows that the claim's "factual predicate," Section 2244(d)(1)(D), was known to him at the time he was sentenced:

> In discovery [Petitioner] learned of a witness and the statement this witness gave to police. … [Petitioner] expressed to his counsel the importance of getting the identity of this witness. Counsel filed a motion for the identity of this witness. So an order from the [trial] court was entered on May 8, 2012. Ordering the Commonwealth to provide to [Petitioner] the identity of the witness. Counsel failed to do his own investigation and he waited to the day of trial to find out the Commonwealth was not going to provide the necessary information.[4]

---

[3] The evidence was seized in a bedroom Petitioner shared with his girlfriend, whose father owned the house and allegedly consented to the search.

[4] While it is not directly relevant to the statute of limitations question at hand, Petitioner's fourth claim appears to lack sufficient specificity to have merit. To show prejudice in support of a claim of ineffective assistance of counsel, it is not enough for a petitioner to "simply state" that some unidentified piece of evidence or the testimony of an

[DN 1 at 10].[5]

Therefore, the event defined by Section 2244(d)(1)(A) (as opposed to Section 2244(d)(1)(D)) triggered the running of Petitioner's 1-year period of limitation. As discussed above, Petitioner's Section 2244(d)(1)(A) period of limitation commenced running on September 17, 2014.

Petitioner's Section 2244(d)(1)(A) period of limitation (though triggered) did not actually begin to run on September 17, 2014. This is because running of the period had already been tolled, pursuant to Section 2244(d)(2), as of September 4, 2014, when Plaintiff filed his 11.42 motion. [DN 12-2 at 1, 14]. Petitioner's period began to run (tolling ceased) on Monday, June 4, 2018, or 30 days after the Kentucky Court of Appeals affirmed the trial court's denial of Petitioner's 11.42 motion. *Johnson v. Com.*, No. 2016-CA-001126-MR, 2018 WL 2078028, at *3 (Ky. Ct. App. May 4, 2018); *Cherry v. Smith*, No. 16-6177, 2017 WL 3165078, at *2 (6th Cir. Feb. 24, 2017) (State post-conviction review was no longer pending and the period of limitation "started running again 30 days [after the Kentucky Court of Appeals affirmed the trial court's denial of Petitioner's 11.42 motion], when [Petitioner's] time to seek further review by the Kentucky Supreme Court expired [pursuant to] Ky. R. Civ. P. 76.20(2)(b).").

Petitioner's 1-year period of limitation expired on Tuesday, June 4, 2019. Petitioner filed his petition on or about June 8, 2020, [DN 1] -- approximately 1 year late.

---

uncalled witness "would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Head v. Smith*, No. 1:17-CV-1061, 2019 WL 2424323, at *15 (W.D. Mich. May 13, 2019). "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must ... set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* The Court is not required to engage in "unguided speculation into the value of omitted testimony by hypothetical witnesses." *Id.* As in *Head*, "unguided speculation is all that [Petitioner] appears to offer here."

[5] In any event, even if the factual predicate of Petitioner's fourth claim was contained in information first discovered in his public defender's case file, in light of the information known to him at the time he was sentenced, there is no reason apparent why that factual predicate "could [not] have been discovered through the exercise of due diligence," Section 2244(d)(1)(D), on or before September 17, 2014, by way of earlier inquiry to the to the public defender's office.

**The Court should decline to issue a certificate of appealability.**

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "When the district court denies a habeas petition on procedural grounds [e.g., the 1-year period of limitation established by § 2244(d)] without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. The undersigned is satisfied that no jurists of reason would find it debatable that the petition was filed past the applicable 1-year period. Therefore, a COA is unwarranted.

## RECOMMENDATION

Because Petitioner filed his petition outside the 1-year period of limitation established by 28 U.S.C. § 2244(d), the Magistrate Judge RECOMMENDS that the Court GRANT Respondent's motion to dismiss, [DN 12], DENY Petitioner's petition, [DN 1], and DENY a certificate of appealability.

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

October 7, 2020

Lanny King, Magistrate Judge
United States District Court