UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER ANTONIO JOHNSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DANIEL AKERS, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 3:20-CV-00414-CHB-LLK <br><br> **MEMORANDUM OPINION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Petitioner, Christopher Antonio Johnson, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. Respondent Daniel Akers filed a Motion to Dismiss, asserting that Petitioner's claims were time barred under the applicable one-year statute of limitations. [R. 12] Petitioner responded in opposition. [R. 15] Upon referral, United States Magistrate Judge Lanny King issued his Findings of Fact and Recommendation ("Report and Recommendation"), recommending that the Court grant Respondent's Motion to Dismiss. [R. 16] Petitioner filed Objections to the Report and Recommendation, and Respondent did not respond. [R. 24] The matter is now ripe for review. For the reasons stated below, the Court will overrule Petitioner's Objections and adopt the Report and Recommendation.

### I. Procedural Background

The Court will first explain the complicated procedural background of this case. Petitioner Christopher Antonio Johnson filed *pro se* for a writ of *habeas corpus* under 28 U.S.C. § 2254 on June 8, 2020. [R. 1] Petitioner attacked his state-court conviction for first degree robbery on four grounds (Claims 1–4). *Id.* at 5–12. Claim 1 alleged that Petitioner had ineffective assistance of trial counsel (IATC) because his counsel failed to challenge language in the jury

- 1 -

instructions that directed the jury to convict if Petitioner "act[ed] alone or in complicity with another" to commit robbery, even though there was no evidence presented at trial of Petitioner acting in complicity with another. [R. 1-2, pp. 5–6] Claim 2 alleged that the trial court's refusal to include a jury instruction for receiving stolen property violated Petitioner's due process and fair trial rights. *Id.* at 7. Claim 3 alleged IATC because his counsel failed to challenge evidence obtained in a search of his girlfriend's father's residence. *Id.* at 8–10. Claim 4 alleged IATC because his counsel failed to interview a potentially exculpatory witness. *Id.* at 10–12.

Respondent moved to dismiss on the ground that Petitioner's one-year statute of limitations to file a habeas petition under § 2254 had expired.[1] [R. 12, p. 1] Petitioner responded in opposition, arguing, among other things, that the statute of limitations is subject to "equitable tolling" because he could not have discovered the claims he raises without his case file, which he did not receive until March 11, 2020.[2] [R. 15, pp. 1–2; R. 15-2]

Magistrate Judge King entered a Report and Recommendation on October 7, 2020, finding that the triggering event for the one-year statute of limitations, per § 2244(d)(1)(A), was the disposition of Petitioner's motion for post-conviction review in state court, which occurred on June 4, 2018. [R. 16, p. 5] Because Petitioner did not file this action until June 8, 2020, Judge King found that the statute of limitations had expired. *Id.* Judge King explained that § 2244(d)(1)(D), which delays the triggering of the statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," was inapplicable because Petitioner Johnson was aware of the factual

---

[1] In the alternative, Respondent asked for a 45-day extension to respond to Petitioner's motion on the merits if the Court denies the Motion to Dismiss. [R. 12, p. 5]
[2] According to Petitioner, he received the first half of the file on January 21, 2020 and the second half of the file on March 11, 2020. [R. 1, pp. 13–14; R. 24, p. 20] The Court will treat the March 11 date, when Petitioner received all the documents in his file, as the relevant date for Petitioner receiving the file.

predicate underlying each of his Claims 1–4 by the time he was sentenced or at least by September 17, 2014, when his "judgment became final by the conclusion of direct review." § 2244(d)(1)(A); [R. 16, pp. 3–5]. Accordingly, Judge King recommended that the Court grant Respondent's Motion to Dismiss and decline to issue a certificate of appealability (COA) to Petitioner. [R. 16, p. 6]

The Report and Recommendation advised the parties that any objections must be filed within 14 days from the date of entry. *Id.* No objections were filed within that time period. [R. 17, p. 3] On December 1, 2020, the Court adopted the Report and Recommendation after examining the record of this matter. *Id.* Accordingly, the Court granted Respondent's Motion to Dismiss, entered judgment dismissing the petition, and declined to issue a certificate of appealability. [*Id.* at 4; R. 18; R. 19]

On December 18, 2020, Petitioner moved to vacate the Court's judgment because he did not receive notice of Judge King's Report and Recommendation while in prison. [R. 20] Consequently, he did not have an opportunity to file objections to the Report and Recommendation. [*Id.* at 1–2; R. 20-1] Respondent objected to the Motion to Vacate but did not dispute that Petitioner did not receive notice of the Report and Recommendation. [R. 21] On January 12, 2021, the Court granted Petitioner's Motion, vacating the judgment and giving Petitioner 60 days within which to file objections to the Report and Recommendation. On March 15, 2021, Petitioner filed his Objections.[3] [R. 24] Respondent did not respond to the Objections.

## II.  Standard of Review

---

[3] The Court notes that Petitioner's Objections were filed 62 days after the Court's order giving Petitioner 60 days to file objections. Given Petitioner's *pro se* status and the fact that the Objections were mailed on March 12, 2021, the Court will consider the Objections to be timely filed. [*See* R. 24, p. 21]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Magistrate Judge's report and recommendation or else forfeit his rights to appeal. When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

For properly made objections, non-dispositive matters are reviewed under a "limited" standard of review: the district court must modify or set aside any part of the order that is clearly erroneous or is contrary to law. *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993); Fed. R. Civ. P. 72(a). Dispositive matters, however, are reviewed *de novo* if a party makes proper objections. Fed. R. Civ. P. 72(b)(3). In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (alteration added by *Robert* court) (quoting *Smith v. Chater*, 121 F.3d 709 (Table), 1997 WL 415309, at *2 (6th Cir. July 18, 1997)). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. Discussion

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Federal courts conducting habeas review are limited in several ways. First, before petitioning for habeas relief in federal court, state prisoners typically must exhaust all available state-court remedies by fairly presenting all claims to the state courts. 28 U.S.C. § 2254(b)–(c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Second, to be timely, a habeas petition must satisfy a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). And third, a federal court generally may not reach the merits of any claims that were procedurally defaulted in state court, either by a state court's express application of a procedural rule or a petitioner's failure to fairly present the claim. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013); *see also Reed v. Farley*, 512 U.S. 339, 354–55 (1994).

In his Objections, Petitioner argues that his claims should be considered timely because the Court should apply equitable tolling. [R. 24, p. 2] Petitioner presents three grounds for equitable tolling. First, he argues that equitable tolling should apply to Claims 3 and 4 because Petitioner only discovered the factual predicates to those claims (that is, his counsel failing to challenge the admissibility of a search and to interview an exculpatory witness) in March 2020, when he obtained his counsel's case file. *Id.* at 3–7. Second, he argues that equitable tolling should apply to Claim 2 (jury instruction for receiving stolen property) based on the "interest of justice." *Id.* at 9. Third, he argues that the exception recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) to procedural default ("the *Martinez* exception") should apply and allow Claims 1, 3, and 4 to be heard on the merits. [R. 24, pp. 9–16] Petitioner also requests a certificate of appealability and alleges that "[j]urists of reason could debate each and every issue presented by this habeas petition." *Id*. at 17.

The Court will discuss each objection raised by Petitioner in turn.

A. <u>Factual Predicate and Equitable Tolling</u>

Petitioner's first objection is that Claims 3 and 4 are timely because the statute of limitations for the claims should be tolled until he received his counsel's file in March 2020. [R. 24, pp. 5–7] Though it is somewhat unclear, Petitioner's argument appears based on both statutory tolling under § 2244(d)(1)(D) and common law equitable tolling. Turning to the statutory argument, habeas petitioners may not bring claims on which the statute of limitations has expired. 28 U.S.C. § 2244(d)(1). The statute of limitations runs for one year after the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Subsections (B) and (C) are plainly inapplicable, so the latest of subsection (A) or subsection (D) will apply.

Petitioner argues that subsection (D) should apply because, even with due diligence, he could have discovered the factual predicate for Claims 3 and 4 only upon receipt of his counsel's file in March 2020. [R. 24, p. 2] On Claim 3, Petitioner acknowledges that he knew by the time of sentencing that his counsel did not attempt to suppress evidence from the residence search (the basis of the claim), but he posits that "the ability of a layman defendant to remember all of testimony at trial is an impossible task." *Id.* at 4–5. In practice, Petitioner argues, the only way he

could have discovered his counsel's mistake in not moving to suppress evidence was with a written transcript. *Id.* at 5. Similarly, on Claim 4, Petitioner acknowledges that he knew that there was a witness who was not interviewed at the time of sentencing but again notes that he needed his counsel's file to see what kind of investigation had been conducted on the witness. *Id.* at 7.

It is undisputed that Petitioner was aware of the facts underlying Claims 3 and 4—counsel's failure to move to suppress evidence or to interview the witness in question—at least by the time of his sentencing. [R. 24, pp. 4–7; R. 1, pp. 8–10] In his Objections, Petitioner acknowledges the factual basis underlying Claim 3 was available to him at the time of his trial: "The first time Petitioner learned that the search of his bedroom was questionable occurred at trial during cross-examination of the Detectives conducted by [his girlfriend's] attorney." [R. 24, p. 4] Likewise, in his habeas petition, Johnson acknowledged that the facts underlying Claim 4 were known to him during his trial:

> In discovery [Petitioner] learned of a witness and the statement this witness gave to police. . . . [Petitioner] expressed to his counsel the importance of getting the identity of this witness. Counsel filed a motion for the identity of this witness. So an order from the [trial] court was entered on May 8, 2012. Ordering the Commonwealth to provide to [Petitioner] the identity of the witness. Counsel failed to do his own investigation and he waited to the day of trial to find out the Commonwealth was not going to provide the necessary information.

[R. 1, p. 10]

The Court understands that Petitioner may not have understood at that time, or remembered later, precisely how those facts impacted his trial. But the clear law of this Court and in this Circuit is that the discovery of a factual predicate of a habeas claim depends on when the *fact itself* was discovered, not when the petitioner understands the *legal significance* of that fact. As the Sixth Circuit has advised, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal

significance." *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (amended Jan. 22, 2001)); *Brockman v. McCullick*, No. CV 16-13441, 2017 WL 4098807, at *2–3 (E.D. Mich. Sept. 15, 2017), *aff'd sub nom. Brockman v. Warden, St. Louis Corr. Facility*, No. 17-2268, 2018 WL 1891453 (6th Cir. Mar. 20, 2018) (rejecting a habeas petitioner's attempt to start running the statute of limitations when he received his criminal file); *McGinnis v. Pancake*, No. 5:08-CV-P143-R, 2009 WL 1247117, at *3 (W.D. Ky. May 5, 2009) (same); *Martin v. Motley*, No. CIVA 3:05-CVP-786-H, 2007 WL 679027, at *2–3 (W.D. Ky. Feb. 28, 2007). Because Petitioner knew the facts underlying Claims 3 and 4 by the time of his sentencing, § 2244(d)(1)(D) is inapplicable.

Instead, as Magistrate Judge King held, the timeliness of Petitioner's claims is governed by § 2244(d)(1)(A). Under subsection (A), the statute of limitations would start to run on September 17, 2014, the date at which Petitioner's time to file a certiorari petition with the U.S. Supreme Court expired after the Kentucky Supreme Court affirmed his conviction. *See Johnson v. Kentucky*, No. 2012-SC-000650-MR, 2014 WL 2809860 (Ky. June 19, 2014); *Giles v. Beckstrom*, 826 F.3d 321, 324–25 (6th Cir. 2016) (explaining that the judgment becomes final when the time to file a certiorari petition expires, which is 90 days after the Kentucky Supreme Court issues judgment). Although the statute of limitations began to run on September 17, 2014, it was tolled during the pendency of Petitioner's motion for post-conviction review under Kentucky Rule of Criminal Procedure Rule 11.42. *See* 28 U.S.C. § 2244(d)(2); s*ee also Johnson v. Kentucky*, No. 2016-CA-001126-MR, 2018 WL 2078028, at *1 (Ky. Ct. App. May 4, 2018). That review started when Petitioner filed his motion for post-conviction review on September 4, 2014 (before the conclusion of direct review) and ended when Petitioner's time to seek review of the Kentucky Court of Appeals' denial of his motion for post-conviction review expired on June

4, 2018. *See Johnson*, 2018 WL 2078028; [R. 12-2, pp. 1, 14–17]; Ky. R. Civ. P. 76.20(2)(b). Therefore, Petitioner's statute of limitations began to run on June 4, 2018. It expired one year later, on June 4, 2019. 28 U.S.C. § 2244(d)(1). Petitioner filed Claims 3 and 4 on June 8, 2020, a year after the statute of limitations had expired, and these claims are time barred. [R. 1]

Petitioner also argues generally that common law "equitable tolling" saves Claims 3 and 4. However, a habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). Courts apply this doctrine "sparingly" and only "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)) (internal quotation marks omitted).

In the present case, as explained above, Petitioner has not proven that he has pursued Claims 3 and 4 (or any of his other claims) diligently, and even if he had done so, he has not demonstrated any "extraordinary circumstances" that prevented him from timely filing his claims. On this point, the Court notes that "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling*, 673 F.3d at 464; *see also March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))); *Turner v. Smith*, 70 F. Supp.2d 785, 787 n.1 (E.D. Mich. 1999) ("Ignorance of the law is an

insufficient basis to invoke the doctrine of equitable tolling." (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))).

Accordingly, the Court finds that neither § 2244(d)(1)(D) nor the doctrine of equitable tolling applies in this case, and the Court will overrule this ground of Petitioner's Objections to the Report and Recommendation.

B.  Interest of Justice

Petitioner argues that Claim 2 should be considered timely because of equitable tolling "in the interest of justice." [R. 24, p. 7] Claim 2 stems from the trial court's decision not to instruct the jury on a count of receiving stolen property. *Id.* at 7–8. At trial, the prosecution proved (and the jury found) that Petitioner robbed a convenience store clerk and stole lottery tickets, cash, and cigarettes. *Johnson*, 2014 WL 2809860, at *1. Petitioner's theory at trial was that he did not commit the robbery, but rather found the stolen items in the street. *Id.* at *5. He requested an instruction for receiving stolen property. *Id.* The trial court believed that Petitioner was requesting an instruction for a lesser-included offense and denied it because receiving stolen property is not a lesser-included offense of robbery. *Id.* Still, the Kentucky Supreme Court denied Petitioner's appeal because, even if the trial court erred in believing Petitioner requested a lesser-included instruction, the error was harmless given the overwhelming evidence tying Petitioner to the robbery. *Id.* The Supreme Court further noted that defendants are not entitled to instructions on uncharged offenses. *Id.* (citing *Fields v. Kentucky*, 219 S.W.3d 742, 749 (Ky. 2007)).

Petitioner argues that "the interest of justice" requires this Court to review his claim that the trial court erred. [R. 24, p. 7] Petitioner alleges that the trial court's error amounted to using an incorrect legal standard at trial, which was not reviewed because of the determination of

harmlessness. *Id.* at 9. Petitioner maintains that despite his untimely claim (which he acknowledges is untimely), review is appropriate due to the "interest of justice." *Id.*

Petitioner does not cite to any cases making an "interest of justice" determination for habeas claims.[4] *Id.* at 7–9. Accordingly, the Court will construe his argument to allege that, under the standard of *McQuiggin v. Perkins*, 569 U.S. 383, 395–97 (2013), a miscarriage of justice would result if the Court does not consider his claims. Under *McQuiggin*, there is a miscarriage of justice that may excuse a time-barred claim only when the petitioner can show proof of actual innocence. *Id.* at 399 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see, e.g.*, *Rashard v. Sec'y, DOC*, No. 3:14-CV-1069-J-39JRK, 2017 WL 176906, at *3 (M.D. Fla. Jan. 17, 2017) ("To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial."). Here, Petitioner does not allege that he was actually innocent, nor does he present any evidence to that effect. Accordingly, Petitioner failed to show it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399. Claim 2 must fail because the statute of limitations has expired, and the Court will overrule this objection.

C. *Martinez* Exception

---

[4] Each of the cases cited by Petitioner concern the standard of appellate review of a trial court's error, whereas the question here concerns whether a court may grant habeas relief outside of the statutory scheme under ADEPA based on the "interest of justice." *See* Ne. Ohio Coal. for the Homeless v. Husted, 837 F.3d 612, 625 (6th Cir. 2016); Crossland v. Kentucky, 291 S.W.3d 223, 233 (Ky. 2009); Gaskins v. Gaskins, No. 2009-CA-000059-ME, 2009 WL 3321408 (Ky. Ct. App. Oct. 16, 2009).

Petitioner argues that the *Martinez* exception should apply to Claims 1, 3, and 4, and therefore those claims should be considered timely because of equitable tolling. He analogizes his claims to those in *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 278 (6th Cir. 2019), *cert. denied sub nom. Morgan v. White*, 140 S. Ct. 2826 (2020), and *cert. denied sub nom. White v. Morgan*, 140 S. Ct. 2826 (2020), where the Sixth Circuit held that a habeas petitioner's claims were not procedurally defaulted because of the *Martinez* exception. [R. 24, pp. 9–10] He further argues that the *Martinez* exception should apply to him because *Woolbright v. Crews*, 791 F.3d 628, 636 (6th Cir. 2015) extended the *Martinez* exception to the Kentucky system for litigating IATC claims. [R. 24, p. 10]

The *Martinez* exception gives habeas petitioners "an avenue to overcome procedural default when a petitioner proceeds *pro se* in an initial-review collateral proceeding," *White*, 940 F.3d at 278, in cases where that proceeding "may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id.* (quoting *Martinez*, 566 U.S. at 14). Habeas petitioners are able to overcome procedural default where a state's procedural system "in theory grants permission [to raise an IATC claim on direct appeal] but, as a matter of procedural design and systemic operation, denies a meaningful opportunity to do so." *Woolbright*, 791 F.3d at 631 (alteration added by *Woolbright* court) (quoting *Trevino*, 569 U.S. at 429). In *Woolbright*, the Sixth Circuit determined that Kentucky's framework does not provide a meaningful opportunity to litigate IATC claims because they cannot be raised on direct appeal in practice and in collateral proceedings—where IATC claims may be raised—petitioners are not guaranteed counsel. *Id.* Accordingly, the *Martinez* exception applies to *habeas* petitioners raising IATC claims in Kentucky. *Id.*

Still, the *Martinez* exception applies only to procedural default, that is, a petitioner's failure to comply with *state* law and procedure. The exception cannot save a petition from its failure to comply with *federal* procedure. *Taylor v. Cook*, No. 1:13-CV-220, 2015 WL 1534519, at *3 (E.D. Tenn. Apr. 6, 2015) ("Petitioner seems to suggest that the Supreme Court's decisions in *Martinez* and *Trevino* should apply in Tennessee and should somehow work to excuse his untimely petition. While Petitioner is correct that the exception espoused in *Martinez* and *Trevino* is applicable in Tennessee, the *Martinez* exception does not work to excuse a petition that is time-barred. Rather, the *Martinez* exception merely allows a habeas petitioner to establish cause for a claim of ineffective assistance of trial counsel which has been procedurally defaulted because of ineffective assistance of post-conviction counsel." (citations omitted)); *Cradic v. Lee*, No. 3:17-CV-00522, 2018 WL 3625445, at *4 (E.D. Tenn. July 30, 2018).

Here, Petitioner's claims have not complied with *federal* procedure. They were filed after the statute of limitations for habeas claims had expired, and the *Martinez* exception "does not work to excuse a petition that is time-barred." *Taylor*, 2015 WL 1534519 at *3. Because the *Martinez* exception does not excuse time-barred habeas claims, the Court will overrule this objection.

D. Certificate of Appealability

Finally, Petitioner argues that the Court should issue a COA because "[j]urists of reason could debate each and every issue presented by this habeas petition." [R. 24, p. 17] The Court may only issue a COA if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When a district court has rejected a petitioner's claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* In this case, reasonable jurists would not debate the procedural grounds that preclude Petitioner's claim, given that clear precedent shows that the statute of limitations on Petitioner's claims has expired. *See Brockman*, 2017 WL 4098807, at *5; *Taylor*, 2015 WL 1534519, at *4; *Rashard*, 2017 WL 176906, at *3.

### IV. Conclusion

Because the statute of limitations has expired on all of Petitioner's claims, the Court will overrule Petitioner's objections. The Court will also decline to issue a COA. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Findings of Fact and Recommendation [**R. 16**] is **ADOPTED** as the opinion of this Court.

2. Petitioner's Petition for writ of habeas corpus [**R. 1**] is **DISMISSED with prejudice**.

3. Respondent Akers's Motion to Dismiss [**R. 12**] is **GRANTED**.

4. No certificate of appealability will issue.

5. A separate Judgment will be entered consistent with this Order.

This the 29th day of April, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY